UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MENOMINEE COUNTY FEDERAL
CREDIT UNION,                                                    Case No. 2:05-CV-175

        Plaintiff,                                            Hon. Richard Alan Enslen

    v.

DONALD J. DESSART, individually
and d/b/a Stephenson Bakery,
UNITED STATES OF AMERICA,
and INTERNAL REVENUE
SERVICE,

        Defendants.                                           **JUDGMENT**

_____/

      This matter is before the Court on Plaintiff Menominee County Federal Credit Union's Motion to Deposit Bank Account and to Approve Costs of This Action. Also before the Court is Plaintiff's Motion for Default Judgment.

      Plaintiff is a federally chartered credit union serving the community of Menominee, Michigan. On May 31, 2005, Plaintiff received a notice of levy against Defendant Donald Dessart's property (a deposit containing over $14,000) to recover tax deficiencies. Plaintiff has no record of an account opened in the name of Defendant Dessart. Plaintiff did discover an account in the name of the "Stephenson Bakery, Inc.," which was registered with Defendant Dessart's social security number instead of a tax identification number. Defendant Dessart's signature is also registered with the account.

      According to Plaintiff, Stephenson Bakery, Inc. dissolved on May 15, 1993. Based on its uncertainty as to who owned the account, Plaintiff filed an interpleader action in Menominee County Circuit Court.[1] Defendant United States of America removed this action pursuant to 28 U.S.C. §§ 1444

---

[1] Plaintiff interpled Defendants pursuant to Michigan Court Rule 3.603. In light of the Court's finding that Plaintiff is not vulnerable to multiple liability, *see infra*, the Court will leave any

and 2410.  Plaintiff now wishes to tender the deposit account to the Clerk of the Court and absolve itself

of any potential for multiple liability.

The Internal Revenue Code provides in pertinent part that:

> [A]ny person in possession of (or obligated with respect to) property or rights to
> property subject to levy upon which a levy has been made shall, upon demand of the
> Secretary, surrender such property or rights (or discharge such obligation) to the
> Secretary, except such part of the property or rights as is, at the time of such demand,
> subject to an attachment or execution under any judicial process.

26 U.S.C. § 6332(a).  The basis for Plaintiff's interpleader action is that it is unsure as to whether it

is in possession of, or obligated with respect to, property or rights to property belonging to Defendant

Dessart.  On that score, the Code also provides that:

> Any person in possession of (or obligated with respect to) property or rights to
> property subject to levy upon which a levy has been made who, upon demand by the
> Secretary, surrenders such property or rights to property (or discharges such obligation)
> to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged
> from any obligation or liability to the delinquent taxpayer and any other person with
> respect to such property or rights to property arising from such surrender or payment.

*Id.* at § 6332(e).  "[T]he plain language of the statute specifically states that compliance with an IRS

levy discharges that person or entity 'from any obligation or liability to the delinquent taxpayer and

any other person with respect to such property or rights to property arising from such surrender or

payment.'"  *Midwest Sports Med. & Orthopedic Surgery, Inc. v. United States*, 73 F. Supp. 2d 870,

874 (S.D. Ohio 1999) (internal citations and emphasis omitted).

The accompanying regulations squarely address Plaintiff's uncertainty and provide a degree

of comfort since:

> Any person who surrenders to the Internal Revenue Service property or rights to
> property not properly subject to levy in which the delinquent taxpayer has no apparent
> interest is not relieved of liability to a third party who has an interest in the property.

---

*Erie* discussions in this context for another day.  *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).

-2-

> However, if the delinquent taxpayer has an apparent interest in property or rights to property, a person who makes a good faith determination that such property or rights to property in his or her possession has been levied upon by the Internal Revenue Service and who surrenders the property to the United States in response to the levy is relieved of liability to a third party who has an interest in the property or rights to property, even if it is subsequently determined that the property was not properly subject to levy.

26 C.F.R. § 301.6332-1(c)(2).  Thus, Plaintiff is immune from liability if it appears that Defendant Dessart has any interest in the deposit account.  Given that Defendant Dessart's social security number and signature are attached to the deposit account, the Court finds this to be a sufficient proprietary interest to trigger the protections afforded Plaintiff by section 6332(e) and consequently, Plaintiff cannot be subject to multiple liability.  *See Midwest Sports*, 73 F. Supp. 2d at 874, n.8 and 875. Plaintiff shall comply with the notice of levy without fear of future liability making interpleader unnecessary in this instance.[2]

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Menominee County Federal Credit Union's Motion to Deposit Bank Account and to Approve Costs of This Action (Dkt. No. 13) is **DENIED** and Plaintiff shall comply with the notice of levy.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, as removed to this Court, (Dkt. Nos. 1 & 8) is **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. No. 17) is **DENIED AS MOOT.**

DATED in Kalamazoo, MI:
January 6, 2006

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Defendant United States of America's Answer did not counterclaim any liability under 26 U.S.C. § 6332.

-3-